# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ROCKY DEAN JOHNS, JR.**  **PLAINTIFF**
**ADC #163599**

V.    NO. 4:23-cv-01159-BRW-ERE

**DEXTER PAYNE,** *et al.*    **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.  Procedure for Filing Objections:

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Wilson can adopt this Recommendation without independently reviewing the record.

### II.  Overview:

On December 6, 2023, *pro se* plaintiff Rocky Dean Johns, Jr., an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. Mr. John's original complaint alleged that: (1) on September 11, 2023, Corporal Alford (originally a non-party) allowed another inmate into Mr.

Johns' barrack in an "attempt to assault me" (*Doc. 2-1 at 5*); (2) ADC Director Dexter Payne, Warden Thomas Hurst, and Deputy Warden Camille Harris failed to ensure their staff were following policies and procedures; and (3) Lieutenant Heath Dunnigan violated Mr. Johns' due process rights by failing to conduct an adequate investigation into the September 11, 2023 incident. Mr. Johns sued Defendants in both their individual and official capacity seeking money damages only. *Doc. 2*.

The Court previously determined that Mr. Johns' original complaint failed to state a plausible constitutional claim. *Doc. 5*. However, rather than screen the original complaint and recommend dismissal, the Court postponed the screening process to give Mr. Johns an opportunity to file an amended complaint clarifying his constitutional claims. Mr. Johns has now filed an amended complaint. *Doc. 6*.

Mr. Johns' amended complaint names as Defendants: Deputy Warden Claudia Harris; Lieutenant Heath Dunagan;[1] and (3) Corporal Alford. *Doc. 6*. He alleges that: (1) Defendant Harris violated his due process rights by failing to conduct an internal affairs investigation; (2) Defendant Dunagan violated ADC policy by improperly issuing him a disciplinary; and (3) Defendant Alford violated ADC policy by allowing another inmate into his barracks "ignoring any risk of harm that could take place."[2] *Doc. 6 at 4*. Mr. Johns sues Defendants in their individual capacity only

---

[1] **The Clerk is instructed to correct the spelling of Defendant Dunagan's name.**
[2] In his amended complaint, Mr. Johns fails to name as Defendants, ADC Director Dexter Payne, Warden Thomas Hurst, or Deputy Warden Camille Harris. Accordingly, Mr. Johns has

seeking monetary and injunctive relief.

For the reasons explained below, Mr. Johns' claims should be dismissed based on his failure to state a plausible constitutional claim for relief.

## III. Discussion:

### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Johns states a plausible claim for relief, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave]

---

abandoned his claims against those Defendants. *Doc. 5 at 6* (explaining that Mr. Johns' amended complaint, if filed, would replace his original complaint and "stand alone").
    **The Clerk is instructed to terminate Dexter Payne, Thomas Hurst, and Camille Harris as party Defendants.**

3

open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

## B.     Defendant Harris

Mr. Johns' amended complaint alleges that Defendant Dunnigan violated his due process rights by failing to adequately investigate the September 11, 2023 incident. However, Mr. Johns does not have a statutory or constitutional right to an internal investigation of the September 11th incident.  See, e.g. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) ("[Plaintiff] does not cite, nor have we found, any federal or state court decision, statute, regulation or other source of law that gives [her] an entitlement to an internal investigation by the Sheriff's Office of her complaints of police brutality."); see also *Hendrickson v. Schuster*, No. 5:16-CV-05057, 2018 WL 1597711, at *12 (W.D. Ark. Apr. 2, 2018) (finding no constitutional claim based on prisoner's allegation that county failed to adequately investigate his sexual assault complaint); *Jacoby v. PREA Coordinator*, 2017 WL 2962858, at *4-5 (N.D. Ala. Apr. 4, 2017) (holding that an alleged failure to investigate the plaintiff's allegations of being held hostage, beaten, and raped by other inmates, combined with a failure to properly collect evidence and comply with PREA's requirements, were insufficient to state any constitutional violations);

4

*Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (providing that a §1983 claim must be based upon an alleged violation of a federal constitutional or statutory right).

### C. Defendant Dunagan

Mr. Johns' claim that that Defendant Dunagan violated his constitutional rights by failing to follow ADC policy also fails. The law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### D. Defendant Alford

Mr. Johns alleges that Defendant Alford failed to follow ADC policy by allowing an inmate into his barracks "ignoring any risk of harm that could take place." *Doc. 6 at 4*. As explained above, Defendant Alford's failure to follow ADC policy fails to state a plausible constitutional claim.

In addition, to state a plausible claim that Defendant Alford violated his constitutional right to protection, Mr. Johns must allege facts, if taken as true, are sufficient to support an inference that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) subjectively, Defendant Alford was "deliberately indifferent" to that risk. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).

"The second requirement is a subjective test; a defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference describes a state of mind "akin to criminal recklessness." *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing 'more than negligence, more even than gross negligence,' but less than 'purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate[.]' " *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (quoting *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (first quote) and *Schaub v. VonWald*, 638 F.3d 905, 914–15 (8th Cir. 2011) (second quote)).

Mr. Johns' amended complaint fails to include any facts to support an inference that Defendant Alford was either aware of any risk posed by allowing another inmate into Mr. Johns' barracks or that he deliberately ignored any such risk. At most, Defendant Alford acted negligently in allowing another inmate into Mr. Johns' barracks. As a result, Mr. Johns' speculative, conclusory, and unsubstantiated allegations against Defendant Alford are insufficient to state a plausible failure to protect claim. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a

§ 1983 claim; and, instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Johns' claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 29 December 2023.

_____
UNITED STATES MAGISTRATE JUDGE